Platen *vs.* Johnson.

---

CHARLES G. PLATEN, relator, *vs.* JAMES JOHNSON, judge, respondent.

The presiding judge entered on a bill of exceptions forwarded to him, the following indorsement: "You presented a petition for *mandamus.* I refused to make it absolute. This was all that was done by me. I cannot certify other matters." This paper was presented and signed as above stated, more than thirty days after the adjournment of the court at which the decision complained of was rendered. The judge returned it to the excepting party, who filed it and had it forwarded to this court, treating it as a complete bill of exceptions. Service was not perfected on the defendant within ten days from the date of the indorsement aforesaid. During the present term of this court, to which the case was returned, the plaintiff applied for a *mandamus* requiring the judge to specify in his certificate (the indorsement aforesaid) the cause of delay in signing and certifying the same:

*Held,* that as the plaintiff had treated the bill of exceptions, with the indorsement thereon, as complete, it should have been served on the defendant within the time prescribed by law, and as this was not done, a *mandamus* will not issue requiring the judge to do that which when performed would not give the case a standing in this court. (R.)

*Mandamus.* Practice before the Supreme Court. January Term, 1875.

At the May term, 1874, of Chatham superior court, Judge JAMES JOHNSON presiding, Platen asked a *mandamus* against William J. Clements, clerk of said court, requiring him to enter a motion for a new trial in the case of Charles G. Platen *vs.* Richard D. Arnold, upon the docket. The *mandamus* was refused. The court adjourned on July 2d. He presented his bill of exceptions, containing numerous recitals and assigning various errors, upon which the judge indorsed as follows:

"CHAMBERS, August 24th, 1874.

"You presented a petition for *mandamus.* I refused to make it absolute. This is all that was done by me. I cannot certify other matters.

(Signed)      " J. JOHNSON, *Judge S. C. C. C.*

This bill of exceptions was filed and forwarded to this court. It was not served on the defendant therein until January 22d, 1875.

Platen presented his petitition for a *mandamus* against Judge Johnson, requiring him to show cause why he should not state in his certificate to the aforesaid bill of exceptions, the cause of delay in signing and certifying the same. He alleged that on July 23d, 1874, he mailed to Judge Johnson a bill of exceptions in the aforesaid case, which said judge returned on the 27th of same month, with his objections, in writing, to signing the same, indorsed thereon. That on August the 20th, he forwarded the bill of exceptions now in this court which was returned with the aforesaid certificate.

The *mandamus* was refused, the court enunciating the principles embraced in the above head-note.

Platen *vs.* Johnson.

CHARLES G. PLATEN, in *propria persona*, for the relator.

No appearance *contra*.

McCAY, Judge.

We granted a *mandamus* to perfect the record in this case, on the idea that the original bill of exceptions was served. It now appears that this was not the case. The record, when it came here, showed that it was offered to be filed in the clerk's office within the fifteen days fixed by the statute, Code, 4262, after the signing of the certificate. The refusal of the clerk to permit the filing, we have corrected, and under our order, he has sent up the record. It now appears that the original bill of exceptions, as signed, was never served on the defendant in error within ten days after signature by the judge, as required by section 4259 of the Code. This is fatal. The only reply to this is that the certificate does not show that *the certificate* was within thirty days, as required by law, and that it was necessary to explain that before the case was completely here. But the whole case goes on the idea that the certificate was made before the offer to file, and the record is here on that assumption. The motion to have the judge correct his certificate by explaining the cause of the delay, is only to make the record show on its face the facts. This case was not served on the *defendant* according to law, and must be dismissed. It would be a simple waste of time, paper and official action, to cause the judge to explain the reason of the delay in signing the bill of exceptions when, in fact, if that explanation were now in the certificate, the case would necessarily have to be dismissed, because no notice was given to the defendant in error, as the law requires, within ten days after the signing of the bill of exceptions.

*Mandamus* refused.